IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

A&L Industries, LLC,

    Plaintiff/Counter-Defendant,

v.                                                         Case No. 20-cv-552

Weaver Enterprises, Ltd.,

    Defendant,

Oak Leaf Outdoors, Inc.,

    Defendant/Counter-Plaintiff,

v.

A&L Industries, LLC and
Andrae D'Acquisto,

    Counter-Defendants.

## ORDER FOR CONSENT JUDGMENT

A &L Industries, LLC, Andrae D'Acquisto, Weaver Enterprises, Ltd., and Oak Leaf Outdoors, Inc. having agreed to the entry of this consent judgment as a compromise and not an admission of liability by any party, it is ORDERED, ADJUDGED and DECREED as follows:

1.     This court has jurisdiction over the subject matter of this action and jurisdiction over both the Plaintiff, Defendants, Counter-Plaintiff, and Counter-Defendants.

2.     Weaver Enterprises, Ltd. (Weaver) and Andrae D'Acqusito (D'Acquisto) are dismissed from this action.

3. Judgment is hereby entered in favor of A&L Industries, LLC (A&L Industries) against Oak Leaf Outdoors, Inc. (Oak Leaf) on A&L Industries' three trademark claims (Counts I-III) and its breach of contract claim (Count IV) regarding Oak Leaf's use of the LONE WOLF® mark after the termination of the license agreement on October 15, 2018.

4. Oak Leaf and Weaver Enterprises, Ltd. (Weaver) waive all claims, affirmative defenses, and counterclaims which have been or could have been raised in this action including all claims, affirmative defenses, and counterclaims asserting that A&L Industries and/or D'Acquisto has engaged in or committed trademark infringement, violation of the Lanham Act, common law trademark infringement or unfair competition, breach of contract, violation of the Illinois Franchise Disclosure Act, or that the trademarks are invalid or unenforceable for any reason including failure to acquire rights of ownership, abandonment, estoppel, laches, or naked licensing, as well as any claims seeking cancellation of Plaintiff's trademarks or asserting violation.

5. A&L Industries' trademarks identified in the complaint are valid, enforceable, and owned by A&L Industries.

6. Oak Leaf shall pay to A&L Industries the sum of Five Hundred Thousand Dollars ($500,000.00) in two payments. The first payment of

$300,000.00 shall be paid into the trust account of A&L Industries' attorneys Ryan Kromholz & Manion, S.C. (RKM) within 5 days of the entry of this judgment. The second payment of $200,000 shall be paid into the trust account of A&L Industries' attorneys Ryan Kromholz & Manion, S.C. (RKM) on or before 3 January 2022.

7. Oak Leaf shall secure the agreement of Dennis Owens to assign, effective 1 January 2022, all right, title, and interest throughout the world in the United States Trademark Registration No. 6114608, dated July 28, 2020, for ALPHA to A&L Industries. Further, Oak Leaf will not use its Wolf Head logo (U.S. Trademark registration 4077631) with any hunting-related products except in accordance with this Order. All other claims by A&L Industries and D'Acquisto for any relief of any kind not provided for in this Consent Judgment (including monetary relief and attorney fees) arising out of claims accruing through the date of this Consent Judgment are dismissed with prejudice.

8. Each party is to bear its own costs and attorney fees.

9. Oak Leaf Outdoors, Inc., its officers, agents, servants, employees, and those persons or entities in active concert or participation with them who receive actual notice of this PERMANENT INJUNCTION, are hereby permanently enjoined (A) from expressly or impliedly representing themselves to customers, potential customers, suppliers, potential suppliers, or the public to be affiliated in any way with

Plaintiff; (B) from representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by the Defendants is supplied, authorized, sponsored or endorsed by or otherwise connected to Plaintiff; (C) from competing unfairly with Plaintiff in any manner by improperly using the Plaintiff's LONE WOLF word mark to cause consumer confusion as to the source of either Plaintiff's or Defendant's goods and services; (D) from using Plaintiff's LONE WOLF word mark for any commercial purpose, including in labels, signage, search engine optimization, coding statements, metatags, domain names, and advertising; and (E) from otherwise infringing the Plaintiff's LONE WOLF word mark; all of the foregoing with the proviso that Oak Leaf shall have through 31 December 2021 to sell off its current LONE WOLF-branded inventory (including by completing assembly of such inventory), to meet current open commitments to retailers, and prevent damage to the LONE WOLF brand, and for these purposes Oak Leaf may continue to use the LONE WOLF mark, ALPHA mark, and Wolf Head logo in the same manner in which it currently does through 31 December 2021. For the avoidance of doubt, Plaintiff shall have no claim whatsoever to any revenues received by Oak Leaf from sales made in accordance with this paragraph 9.

10. It is ordered that the Defendants shall by 3 January 2022 destroy or deliver up for destruction or sale by A&L Industries all product, labels, signs, prints, insignia, letterhead, brochures, business cards, invoices and any other written or recorded material or advertisements in their possession or control containing the Plaintiff's LONE WOLF word mark or the ALPHA name; and by the same date Oak Leaf shall discontinue use of the domain name https://lonewolfhuntingproducts.com/ and discontinue use of LONE WOLF® on all social media sites, including https://www.facebook.com/lonewolfstands, https://www.instagram.com/lonewolfstands/, https://twitter.com/LoneWolfStands. Further, by the same date, Defendants will initiate the transfer of the aforementioned domain name to A&L, and will make reasonable efforts to transfer control of the aforementioned social media accounts to A&L. A&L will provide all reasonably necessary cooperation to facilitate these transfers.

11. It is ordered that the Defendants by 1 February 2022 file with this Court and serve on Plaintiff a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the terms of this PERMANENT INJUNCTION.

12. This PERMANENT INJUNCTION shall remain in effect until the following events occurs: the expiration or express abandonment of Plaintiff's trademarks in suit.

13. This Judgment has been unconditionally accepted by authorized representatives of Plaintiff and Defendants.

14. The court retains jurisdiction to enforce this Order.

Entered this 28TH day of SEPTEMBER, 2021.

_____
STEPHEN L. CROCKER
Magistrate Judge

Entered this 28th day of September, 2021.

_____
PETER OPPENEER
Clerk of Court